**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

|  |  |
|---|---|
| DANIEL A. BERGER, ) | |
| ) | |
| Plaintiff, ) | No. 24-1991 |
| ) | |
| v. ) | Filed: February 3, 2025 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER AND OPINION**

Plaintiff Daniel A. Berger, proceeding pro se, initiated this lawsuit on December 2, 2024, alleging that President Donald J. Trump, who was then the President-elect, is disqualified from holding federal office under Section 3 of the 14th Amendment to the United States Constitution unless and until Congress removes the disqualification by a two-thirds vote. Plaintiff requests declaratory and equitable relief, as well as the issuance of a writ of scire facias and a writ of mandamus and/or prohibition directed to various high-level federal officials named as defendants. *See* Pl.'s Corrected Compl., ECF No. 12. As explained below, the Court lacks jurisdiction over claims asserted against individual federal officials. Even with respect to any claims against the United States, the Court lacks jurisdiction because Plaintiff's claims are not grounded on a money-mandating source of law. Additionally, the Court lacks the authority to grant the relief that Plaintiff seeks. Because the Court lacks jurisdiction over Plaintiff's claims, the Complaint is **DISMISSED** sua sponte pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

## I. BACKGROUND

Plaintiff alleges that President Trump is disqualified or disabled from taking the oath of office. ECF No. 12 ¶¶ 78–79. He asks the Court to issue writs of scire facias to several high-level federal officials ordering them to show cause why the "December 22, 2022 Final Report of the Select Committee to Investigate the January 6th Attack on the United States Capitol of the 117th Congress . . . should not operate as an effective judgment of Congress that the disability provided for by Section 3 of the Fourteenth Amendment has attached" to the President. *Id.* ¶ 72; *see id.* ¶ 93. Plaintiff also requests a declaratory judgment "construing various statements or acts of the Defendants . . . as a repudiation of the [Constitution]" and providing for the remedy of specific performance," *id.* ¶ 93, or alternatively, "finding reasonable grounds to believe Defendants will commit a breach of the [Constitution]" and compelling "Defendants to provide adequate assurances, and further temporarily suspending certain future performance obligations of the Plaintiff until such assurances have been received," *id.* ¶ 99. Finally, Plaintiff seeks a writ of mandamus and/or prohibition in his capacity as a purported "relator for the Commonwealth of Pennsylvania." *Id.* ¶ 104. In short, Plaintiff's suit is aimed at either compelling Congress to hold a vote on removing President Trump's alleged disability and/or preventing President Trump from taking office until the disability is removed. *Id.* ¶¶ 12, 14–15. The Complaint primarily identifies Section 3 of the 14th Amendment and 3 U.S.C. § 15 as the sources of law underlying Plaintiff's claims for relief. *Id.* ¶¶ 2, 8, 10.

## II. LEGAL STANDARDS

The subject-matter jurisdiction of this Court is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for

liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recovery of money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines . . . that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

### III. DISCUSSION

**A.     Plaintiff's Complaint Alleges Claims Against Defendants Other than the United States.**

The Tucker Act grants the Court of Federal Claims jurisdiction to hear certain "claim[s] against the United States." 28 U.S.C. § 1491(a)(1). Thus, "the *only* proper defendant for any matter before this court is the United States." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Here, the named defendants in the Complaint include the following federal officials: now-former President Joseph R. Biden, Jr., now-former Vice President Kamala D. Harris, House Speaker Mike Johnson, and Chief Justice John Roberts. *See* ECF No. 12 at 1. Well-established, binding precedent holds that claims against these federal officials in either their personal or official capacities is beyond the Court's jurisdiction. *Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.").

3

B.  **Plaintiff's Complaint Fails to Identify a Money-Mandating Source of Law.**

To the extent any claims against the United States remain, this Court also lacks jurisdiction because Plaintiff has not identified any money-mandating source of law that creates a right to recover money damages from the United States, as required by the Tucker Act. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The Tucker Act does not, of itself, create a substantive right enforceable against the United States, but the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." (internal citations omitted)).

Plaintiff's claims are grounded primarily on Section 3 of the 14th Amendment, which prohibits persons who "have engaged in insurrection or rebellion against [the United States], or given aid or comfort to the enemies thereof," from holding certain government offices unless Congress removes the disability. U.S. CONST. amend. XIV, § 3. The text of this provision is without question not "reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003); *cf. Smith*, 709 F.3d at 1116 (holding that the Due Process Clause of the 14th Amendment is not money mandating). The same determination applies to the other provisions of constitutional, statutory, or regulatory law that Plaintiff cites, including the 1st, 10th, 12th, and 20th Amendments to the Constitution; Article 1, Section 5, Clause 1 of the Constitution;[1] Article 4, Section 4 of the

---

[1] This provision grants congressional authority over elections. U.S. CONST. art. 1, § 5, cl. 1 ("Each House shall be the judge of the elections, returns and qualifications of its own members.").

4

Constitution;[2] Article 2, Section 1, Clause 8 of the Constitution;[3] 3 U.S.C. § 15;[4] the All Writs Act, 28 U.S.C. § 1651; and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), *see, e.g.*, ECF No. 12 ¶¶ 1, 2, 3, 7, 8, 10, 38, 42, 51, none of which can reasonably be read to mandate the right to recover monetary damages against the United States in the case of a violation of that law.  *See, e.g.*, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (1st Amendment not money-mandating); *Milgroom v. United States*, 651 F. App'x 1001, 1005 (Fed. Cir. 2016) (10th Amendment not money-mandating); *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (Section 2201 of Title 28 not money-mandating); *James v. Caldera*, 159 F.3d 573, 579 (Fed. Cir. 1998) (Section 1651 of Title 28 not money-mandating); *see generally Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967) ("Under Section 1491 what one must always ask is whether the constitutional clause or the legislation which the claimant cites can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.  If not, this court cannot give relief . . . .").

Plaintiff also characterizes his claims as premised on an anticipatory breach of "the supreme social contract that is our Constitution." ECF No. 12 ¶ 16; *see, e.g.*, *id.* ¶¶ 49, 95–97, 99–101.  Although an express or implied contract with the United States is sufficient to trigger the Court's jurisdiction, the United States Constitution is not an express or implied-in-fact contract

---

[2] Section 4, generally known as the Guarantee Clause, states: "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence." U.S. CONST. art. IV, § 4.

[3] This clause requires the President to take the oath of office prior to entering office.  U.S. CONST. art. 2, § 1, cl. 8.

[4] Section 15 of Title 3 establishes procedures for counting and tabulating electoral votes in Congress.

within the meaning of the Tucker Act. *See Asmussen v. United States*, No. 14-825C, 2015 WL 351611, at *2 (Fed. Cl. Jan. 27, 2015) (citing *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013)). Because Plaintiff fails to set forth a money-mandating source of law as the basis for his claims, his Complaint must be dismissed.

> **C.    Even if the Court Has Jurisdiction Over Plaintiff's Claims, the Court Does Not Have Authority to Grant Plaintiff's Requests for Non-Monetary Relief.**

Even assuming the Court has subject-matter jurisdiction over Plaintiff's claims, the Court lacks the power to issue the declaratory and equitable relief Plaintiff seeks. The Tucker Act provides for equitable relief only in limited circumstances in actions asserted under § 1491(a)(1). Specifically, 28 U.S.C. § 1491(a)(2) permits the Court, "as an incident of and collateral to any such judgment, [to] issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." As the text of the Tucker Act makes clear, under § 1491(a)(2), the Court "has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" *Caldera*, 159 F.3d at 580 (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)). Here, Plaintiff does not seek monetary relief at all—he seeks only equitable relief that the Court has no authority to enter. *See, e.g.*, ECF No. 12 ¶¶ 95–102.

He also seeks an order issuing a writ of scire facias under the All Writs Act, but that statute permits a court to issue writs "necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. It does not expand this Court's jurisdiction beyond the express limits provided in the Tucker Act. *See Tasby v. United States*, 87 Fed. Cl. 180, 181 (2009); *see also Holmes v. United States*, 142 Fed. Cl. 791, 792 (2019). Plaintiff likewise requests a writ of mandamus and/or prohibition under 28 U.S.C. § 1361, but that statutory provision expressly vests mandamus power with the district courts. *See Del Rio v. United States*, 87 Fed. Cl. 536, 540 (2009) ("The Court of

Federal Claims lacks jurisdiction to hear mandamus petitions, and therefore, this court may not issue a writ of mandamus as requested . . . ."). Thus, this Court cannot grant any of the relief Plaintiff seeks.

### D. Dismissal, Rather than Transfer, Is Appropriate.

Since this Court lacks jurisdiction, the Court has considered sua sponte whether Plaintiff's Complaint should be transferred to a federal district court under 28 U.S.C. § 1631. Transfer is appropriate if the Court also determines that Plaintiff could have brought his claims in a district court at the time he filed his Complaint and that transfer is in the interest of justice. *See Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012). Plaintiff cannot satisfy these factors.

First, Plaintiff likely does not have standing to bring his claims in district court because the Complaint fails to plead allegations demonstrating a concrete and particularized injury to Plaintiff. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff purports to bring this suit in his individual capacity, in his role as an attorney (*i.e.*, an officer of the court), and as a "private attorney general" on behalf of the Commonwealth of Pennsylvania. ECF No. 12 ¶¶ 27–28, 39. Any interest he asserts is generalized at best. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 575 (1992) (no standing to challenge actions that "adversely affect only the generalized interest of all citizens in constitutional governance"). And as an "abstract and widely shared" harm, *Crist v. Comm'n on Presidential Elections*, 262 F.3d 193, 195 (2d Cir. 2001), Plaintiff cannot establish the injury prong of the Article III standing test. *See Spokeo*, 578 U.S. at 339. Second, Plaintiff's claims are likely foreclosed as a matter of law by the Supreme Court's recent decision in *Trump v. Anderson*, which held that enforcement of Section 3 of the 14th Amendment is a responsibility vested with Congress and that Congress may carry out its authority by enacting implementing legislation pursuant to Section 5 of the same amendment. 601 U.S. 100, 117 (2024).

The United States District Court for the District of Columbia recently dismissed at the pleading stage at least two cases asserting similar claims under Section 3 of the 14th Amendment challenging President Trump's then-candidacy. The United States Court of Appeals for the District of Columbia Circuit affirmed each dismissal. *See, e.g.*, *Page v. Evans*, No. 24-670, 2024 WL 3534752, at *1 (D.D.C. July 25, 2024) (finding that the Court "lacks subject-matter jurisdiction over this action because Plaintiff has not pleaded a concrete and particularized injury required to confer standing"), *aff'd*, No. 24-7113, 2024 WL 4633250 (D.C. Cir. Oct. 29, 2024); *Alter v. Trump*, No. 24-478, 2024 WL 2077547, at *1 (D.D.C. May 9, 2024) (sua sponte dismissing complaint under Rule 12(b)(6), noting that *Trump v. Anderson* "is binding on this Court, and it forecloses Plaintiff's claims as a matter of law"), *aff'd*, No. 24-5132, 2024 WL 4034461 (D.C. Cir. Sept. 4, 2024). Because the most feasible transferee court likely would dismiss Plaintiff's claims, either for lack of jurisdiction or for failure to state a claim, transfer is not warranted.

## IV. CONCLUSION

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.

Dated: February 3, 2025                    /s/ *Kathryn C. Davis*
                                           Judge